UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ARMAND McBROOM,

        Petitioner,

                                                     Case Number 04-10224
v.                                                   Honorable David M. Lawson

MILLICENT WARREN,

        Respondent.
_____/

## **OPINION AND ORDER CONDITIONALLY GRANTING**
## **PETITION FOR A WRIT OF HABEAS CORPUS**

The question presented in the habeas corpus case is whether defense counsel's advice concerning the remedy for a previous attorney's ineffective assistance was itself so erroneous as to render the petitioner's no contest plea unknowing and involuntary. The Court finds that the petitioner's first attorney's performance was constitutionally deficient when he failed to convey a plea offer to the petitioner, and the second attorney's performance was constitutionally deficient when he misinformed the petitioner of the proper remedy for the first attorney's failing. This misinformation resulted in prejudice to the petitioner because he entered a no contest plea based upon it and received a sentence much greater than he would have received if the original (unconveyed) plea bargain were reinstated, which would have been the proper remedy for his first attorney's defective performance. The Court is convinced, therefore, that the petitioner is now in custody in violation of his rights under the Sixth Amendment, and a conditional writ of habeas corpus will issue.

I.

The petitioner, Bruce Armand McBroom, is a state prisoner confined at the Boyer Road Correctional Facility in Carson City, Michigan. In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supplemental memorandum filed by appointed counsel in this matter, the petitioner challenges his conviction for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and his sentence of eleven years, three months to seventeen years in prison.

The conviction resulted from a no contest plea that followed a jury trial. As noted above, the petitioner contends that bad legal advice resulted in a plea that was not knowing and voluntary. The respondent has filed an answer to the petition claiming that the petition lacks merit.

The petitioner's conviction arises from an incident in which he shot his girlfriend in the neck with a shotgun on July 22, 2001 at their home in Macomb County, Michigan. The case actually proceeded to jury trial in the Macomb County circuit court. However, just before the start of that trial, the following discussion occurred between the Court, assistant prosecutor Steven Kaplan, and defense counsel Cyril Pessina:

> THE COURT: Okay. You have tried to settle it and there's no settlement?
> MR. KAPLAN: There is nothing offered, your Honor.
> MR. PESSINA: *There was an offer at one point. I never had a chance to go to the jail to discuss that over with my client.*
> THE COURT: What was that?
> MR. PESSINA: Attempt GBH with a one-year cap.
> MR. KAPLAN: We view it differently. I trust my brother counsel implicitly, but I remember a ten-year felony with a one-year cap, but the way I see it the offer is not on the table right now.
> THE COURT: I guess that's your choice.
> MR. KAPLAN: Thanks, Judge.
> THE COURT: No last gasp effort Mr. Kaplan?
> MR. KAPLAN: No Judge.

Nov. 20, 2001, Trial Tr. at 3 (emphasis added).

The trial proceeded and the petitioner was convicted of assault with intent to murder. Following his conviction, the petitioner retained new defense counsel, Brian Legghio, who negotiated a plea bargain with the prosecution prior to sentencing. The agreement called for the prosecution to ask the trial court to vacate the jury conviction and allow the petitioner to plead no contest to assault with intent to murder with a sentencing recommendation of eleven years, three months to seventeen years imprisonment. The prosecution also dismissed a third habitual offender charge. In exchange, the petitioner agreed to waive his appellate rights concerning the pre-trial and trial proceedings. The parties indicated that they negotiated this agreement, in part, because prior defense counsel had failed to communicate the more favorable pre-trial plea offer to the petitioner prior to the trial. Defense counsel explained:

> MR. LEGGHIO: Your Honor, what has precipitated the issue, your Honor, is that there is clear evidence in the transcripts that a former plea offer, that was much more beneficial to Mr. McBroom, had not been effectively communicated. Now, I realize that the prosecution has taken a position contrary to our own. The defense advances the argument that at a Ginther hearing case law is absolutely on all fours and he would be entitled to a new trial, *and entitled to go back to the starting gate.* That's why we sat down to negotiate these issues with Mr. Kaplan because even if you were to grant the motion on the Ginther hearing and give us a new trial, *Mr. Kaplan is not compelled to reauthorize that plea agreement.*

March 26, 2002, Plea Tr. at 6-7 (emphasis added).

The prosecutor's view was slightly different:

He's been convicted but the question is could he then challenge his conviction based on some legal issue. My offer is that he will plead – he will admit the crime now and he will be sentenced. The bottom line for him is the sentence. He wants a lower sentence, and he's receiving it because of our grace and his having a good lawyer. Or he can have nothing as far as I'm concerned. He's been convicted by a jury.
. . .
[W]e do not share in his view that he would gain a reversal on appeal, but that's what makes horse races.

*Id.* at 5, 11-12. The trial court praised the defense counsel for doing "really good" and "pull[ing] a rabbit out of a hat," *id.* at 7, 13, vacated the jury conviction, accepted the no contest plea negotiated by the parties, and sentenced the petitioner in accordance with the plea agreement to a term of eleven years, three months to seventeen years imprisonment.

The petitioner subsequently moved to withdraw his no contest plea claiming that it was not knowing and voluntary due to the ineffective assistance of defense counsel. The petitioner asserted that defense counsel erred in advising him to accept the no contest plea with the sentencing recommendation of eleven years, three months to seventeen years imprisonment because counsel was under the mistaken belief that the petitioner was not entitled to receive the original plea offer of a ten-year felony with a one-year cap, which original defense counsel had failed to convey to the petitioner.

The state trial court denied the petitioner's motion via a written order. The court found that the motion was untimely, as it was required to be filed within twenty-one days of the sentence, but it addressed the merits nonetheless. The court also concluded that because the defendant "waived his right to challenge pre-trial issues" such as the initial plea offer by pleading no contest, the court found no grounds to vacate the plea. The court did not pass on the issue of ineffective assistance of counsel. The defendant filed an appeal from this ruling in the Michigan Court of Appeals on the following grounds:

> JUDGE MILLER ERRED IN DENYING THE MOTION FOR PLEA WITHDRAWAL WHERE IT IS UNCONTESTED THAT THE PROSECUTION OFFERED A PLEA BARGAIN AND DEFENSE COUNSEL FAILED TO CONVEY THAT BARGAIN TO MR. MCBROOM.
>
> JUDGE MILLER ERRED IN DENYING THE MOTION FOR PLEA WITHDRAWAL WHERE IT IS UNCONTESTED THAT SUBSTITUTE COUNSEL GAVE INCORRECT LEGAL ADVICE TO MR. MCBROOM BY

STATING ON THE RECORD THAT THE PROSECUTION WAS NOT OBLIGATED TO EXTEND AN ORIGINAL PLEA OFFER THAT ORIGINAL DEFENSE COUNSEL ADMITTED HE NEVER CONVEYED TO MR. MCBROOM.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. McBroom*, No. 248855 (Mich. App. July 18, 2003) (unpublished). The Michigan Supreme Court denied leave to appeal. *People v. McBroom*, 469 Mich. 987, 673 N.W.2d 760 (2003) (table).

The petitioner's habeas application was filed on August 25, 2004. He seeks habeas relief asserting the following claims:

> I.  The lower court erred in denying the motion for plea withdrawal where it is uncontested that the prosecution offered a plea bargain and defense counsel failed to convey that bargain to petitioner.
>
> II. The lower court erred in denying the motion for plea withdrawal where it is uncontested that substitute counsel gave incorrect legal advice to petitioner by stating on the record that the prosecution was not obligated to extend an original plea offer that original defense counsel admitted he never conveyed to petitioner.

The respondent concedes that the petitioner presented "essentially these same claims" to the Michigan courts. Nevertheless, the respondent opposes the petition, contending that the petitioner's claims lack merit and do not warrant habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See*

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts normally are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; *see also Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

However, in this case, the state trial court did not address the ineffective assistance of counsel claim, and Michigan Court of Appeals denied the petitioner's application for appeal "for lack of merit in the grounds presented" and did not address the petitioner's claims as matters of

federal law. Where a state court declines to address the merits of a properly raised issue, this Court conducts an independent review of the issue. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The deferential standard of review prescribed by the AEDPA does not apply because "[t]his statute by its own terms is applicable only to habeas claims that were adjudicated on the merits in State court. . . . Where, as here, the state court did not assess the merits of a claim properly raised in a habeas petition . . . questions of law and mixed questions of law and fact [are reviewed] *de novo*." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (internal citations and quotations omitted). This Court's review of the issues raised by the petitioner is "not circumscribed by a state court conclusion" because none of the state courts produced a reasoned opinion on these issues. *Wiggins*, 539 U.S. at 510; *see also Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005).

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Rickman v. Bell*, 131 F.3d 1150, 1153 (6th Cir. 1997)

Both the petitioner's claims can be collapsed into one: whether he was denied the effective assistance of counsel when his second attorney gave him bad advice on which the petitioner based his decision to enter a no contest plea. The state trial court construed the petitioner's issue as an attack on his first lawyer's performance, which that court considered waived by the subsequent plea. The court ruled on the petitioner's motion to withdraw his plea as follows:

> Further, the Court determines that the judgment of sentence is presumptively valid and that defendant has failed to rebut such presumption. *See People v. Winegar*, 380 Mich 719, 729; 158 NW2d 395 (1968). In this regard, the Court is satisfied that the prosecution was entitled to withdraw and did in fact withdraw the plea upon which defendant presently seeks to rely. Judge Montgomery opined that the plea upon which defendant had been sentenced had been made "knowingly, freely and voluntarily." *See* 3-26-02 Tr. at 22-23. Even defendant's new counsel stated on the record, with defendant present, that former counsel had failed to obtain a plea offer "that was much more beneficial" to defendant. *Id.* at 6. In any event, defendant has apparently lost sight of the fact that he waived his right to challenge pre-trial issues,

> which includes the initial plea offer. Under the totality of the circumstances, the Court concludes that a miscarriage of justice would occur if defendant were permitted to withdraw his plea and rely on the initial revoked plea.

*People v. McBroom*, No. 01-2557-FC (Macomb Co. Cir. Ct. May 9, 2003).

Of course, it is well established that a valid guilty or *nolo contendere* plea in a criminal proceeding generally forecloses claims arising from the alleged deprivation of constitutional rights occurring before the entry of the plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or *nolo contendere* generally waives any non-jurisdictional claims that arose before his plea. *See United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002).

In applying the waiver doctrine, however, it appears that the state court misapprehended the thrust of the petitioner's challenge to the voluntariness of his plea. The petitioner was not challenging the constitutional deprivation caused by his first attorney's performance; rather he was alleging a new constitutional injury resulting from his *second* lawyer's performance that would vitiate his no contest plea. *See Tollett*, 411 U.S. at 267. In such a case, the Court's inquiry still is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. But there was no waiver, and the state court's conclusion to the contrary is incorrect.

In assessing whether the petitioner was deprived of effective assistance of counsel by his second attorney, the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty or *nolo contendere* plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918

F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Hill*, 474 U.S. at 58. However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. In other words, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [*nolo contendere*] and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

It is quite clear from the record that the petitioner's first attorney did not measure up to prevailing professional norms when he failed to convey the plea offer with the one-year sentencing cap to the petitioner. It also appears that the petitioner was prepared to accept the offer on the trial day. The petitioner states that he would have accepted the plea offer if he had been aware of it. The petitioner is not required to support his own assertion that he would have accepted the offer with additional objective evidence. *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2001). Since a defense attorney's failure to notify his client of a prosecutor's plea offer is defective performance, *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003), and prejudice resulted, the petitioner had a strong case for challenging his jury conviction. Apparently the prosecutor also recognized the folly of pressing onward and therefore was willing to negotiate.

During those negotiations, the petitioner's second attorney undoubtedly believed that the petitioner had no right to insist that the original one-year plea deal be reinstated, and he so advised the petitioner. As a result, the petitioner accepted a plea with a sentence over ten times longer than the original proposal called for.

However, in *United States v. Allen*, 53 F. App'x 367, 373-74 (6th Cir. 2002) (unpublished), when confronting a nearly identical situation, the Sixth Circuit held that "if it were shown that

-11-

defense counsel provided ineffective assistance, the remedy is to compel the government to reinstate the prior plea offer, restoring [the defendant] to where he was before ineffective assistance was rendered." The court based its holding on in part on *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989), *reinstated*, 726 F. Supp. 1113 (M.D. Tenn. 1989), *aff'd*, 940 F.2d 1000 (6th Cir. 1991), *cert. denied*, 502 U.S. 1050 (1992), in which the court held that "remedies for the deprivation of the Sixth Amendment right to the effective assistance of counsel 'should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Id.* at 1207. The *Turner* court found that the only way to remedy deficient performance by defense counsel regarding a rejected guilty plea was to compel the State to reinstate the prior offer. Michigan law is consistent on that point. *See People v. Carter*, 190 Mich. App. 459, 463, 476 N.W.2d 436, 438-39 (1991), *vacated on other grounds*, 440 Mich. 870, 486 N.W.2d 740 (1992). The petitioner's second attorney should have been so informed and passed that information on to the petitioner, which he did not.

In *Magana v. Hofbauer*, the court "held that, as a remedy [for ineffective assistance of counsel that causes rejection of a plea bargain], the prosecution [is] free to offer the defendant another plea bargain, but that any plea offer in excess of the original offer must overcome a rebuttable presumption of prosecutorial vindictiveness." 263 F.3d at 553. The record fails to disclose that any of these considerations were discussed with the petitioner before he entered his no contest plea. To the contrary, the advice appears to have been that the state prosecutor was "entitled to go back to the starting gate" and could "not be compelled to reauthorize that [original] plea agreement." March 26, 2002, Plea Tr. at 6-7. That advice was not correct. The petitioner has satisfied the deficient performance prong of the *Strickland* test. *See Hill*, 474 U.S. at 58; *see also*

-12-

*Dando v. Yukins*, 461 F.3d 791, 800 (6th Cir. 2006) (finding deficient performance by counsel at plea stage "because [counsel] simply failed to assess a possible defense, due in part to his incorrect understanding of the law").

The petitioner has also shown prejudice sufficient to satisfy the second part of the *Hill* and *Strickland* framework. The petitioner pled no contest under a plea agreement where his minimum sentence was eleven years, three months. However, he was presumptively entitled to plead to a "ten-year felony with a one-year cap." The sentence he agreed to was significantly lengthier than he would have faced had his counsel pressed for reinstatement of the original offer. The petitioner has shown that he was deprived of effective assistance counsel during his plea bargaining process, and his plea is therefore invalid. The petitioner is entitled to relief.

### III.

The Court finds that the petitioner's second attorney rendered ineffective assistance during the plea process by misinforming the petitioner of his presumptive entitlement to a plea with a lower sentence. Therefore, he has established that he is in custody in violation of his federal constitutional rights. *See* 28 U.S.C. § 2254(d).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is conditionally **GRANTED**.

It is further **ORDERED** that the respondent shall release the petitioner from custody unless the State offers the petitioner a new plea offer within seventy days. If the new plea offer is greater than that originally offered by the prosecution, the state must rebut the presumption of prosecutorial

vindictiveness.

                                         s/David M. Lawson
                                         DAVID M. LAWSON
                                         United States District Judge

Dated: March 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2008.

                         s/Felicia M. Moses
                         FELICIA M. MOSES